UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 21 CR 105-3 |
| v. | ) | |
| | ) | Honorable John R. Blakey |
| DARION LINDSEY | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

On May 30, 2020, thousands of people converged on the downtown Chicago area to protest the murder of George Floyd in Minneapolis. The majority of those individuals went downtown to peacefully voice their displeasure. While some were peacefully protesting, others engaged in criminal acts under the guise of legitimate protest. Darion Lindsey, and his co-defendants conspired to set fire to a Chicago Transit Authority van and Lindsey interfered with the firemen that were sent to put that fire out, by throwing bottles and fireworks at them.

Considering the nature and circumstances of the offense, the defendant's background and characteristics, the need to afford adequate deterrence, and promote respect for the law, the government recommends a sentence of incarceration within, but on the low end of, the advisory sentencing Guidelines range of 57 to 71 months to be followed by three years of post-release supervision.

**I.     PRELIMINARY ADVISORY SENTENCING GUIDELINES RANGE**

As a matter of process, the district court must properly calculate the Guidelines range, treat the Guidelines as advisory, consider the Section 3553(a) factors, and

adequately explain the chosen sentence, including an explanation for any variance from the Guidelines range. *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007).

The government agrees with the Probation Office's determination that the base offense level is 24, pursuant to Guideline § 2X1.1(a) and 2K1.4(a)(1), because the defendant knowingly created a substantial risk of death or serious bodily injury to another person other than a participant in the offense. PSR at ¶¶ 13, 28.

The government also agrees that the defendant has accepted responsibility in a timely fashion and receives a three-point reduction to his offense level pursuant to Guidelines §§ 3E1.1(a) and (b), resulting in a total offense level of 21. PSR at ¶¶ 30-32.

Finally, the government agrees with the Probation Office that defendant's criminal history points equal 8 and place him in Category IV. PSR at ¶¶ 38-43.

Pursuant to these calculations, the defendant's total offense level is 21, his criminal history category is IV, and his advisory Guidelines range of imprisonment is 57 to 71 months. PSR at ¶ 91. The government also agrees that the Court may impose a period of supervised release of up to 3 years. PSR at ¶ 94.

## II. GOVERNMENT'S POSITION ON SENTENCING

The Sentencing Guidelines provide a starting point and initial benchmark for sentencing. *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The "Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country." *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005); *see also United States v. Pulley*, 601 F.3d 660, 668 (7th Cir. 2010) (a "district court that sentences within

the Guidelines necessarily gives weight and consideration to avoiding unwarranted disparities."). Although a sentence within the Guidelines is presumptively reasonable, *United States v. Cano-Rodriguez*, 552 F.3d 637, 639 (7th Cir. 2009), the court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence.

For the foregoing reasons, the government respectfully submits that a sentence within the Guidelines is warranted in this case and most appropriately reflects the nature and circumstances of defendant's offense, his history and characteristics, the need to afford adequate deterrence, and promote respect for the law.

### A.    The Nature and Circumstances of Defendant's Crime

The defendant's crime was extremely serious. He conspired with others to set fire to a Chicago Transit Authority van in the middle of State Street in downtown Chicago and then threw bottles and fireworks at firemen who were out trying to put out a fire and protect the public.

Lindsey, who was wearing a pink hat, was determined to set a fire that day. He attempted to set a fire to a paper bag in a recycling bin in Pritzker Park:



He attempted to set fire to a tarp inside the van:



And he attempted to set fire to a box outside the van:

4



After his codefendants finished setting fire to the van and the van was burning, firemen came to attempt to put the fire out. Lindsey, in an attempt to disrupt or injure the public servants, threw bottles and fireworks at the firemen until they had to run him off.



5









While the van was on fire, small explosions and sparks were seen, exposing the firemen and other individuals in the area to danger. Lindsey's actions put scores of

people at risk, including police officers, firefighters, protesters, and bystanders; he interfered with law enforcement officers trying to protect the public at a time when their services were critical; he caused thousands of dollars in damages; and his actions served as some of the images and stories that tarnished this city.

Thankfully, no one was injured as a result of the fire the defendant and his codefendants set. Defendant knew what he was doing was dangerous and could hurt others. Despite the obvious risks his actions posed to others, defendant did it anyway.

Accordingly, the nature and circumstances of defendant's offense warrant a sentence of imprisonment towards the low end of the guideline range of 57 to 71 months to be followed by three years of post-release supervision.

B.  **Defendant's History and Characteristics**

Defendant is a 22-year-old father of two. PSR at ¶¶ 68, 73. Defendant had a transient childhood, living with his mother in Memphis and father in Chicago, along with some time in various group homes. PSR at ¶¶ 69-70. His criminal history ranges from multiple assaults and batteries to robbery and aggravated battery, where he cursed at and choked an employee at a youth and family center. PSR at ¶¶ 38-42. Due to his criminal activity, at the young age of 21, defendant has a criminal history category of IV. Additionally, defendant has a long disciplinary history stemming from his pretrial detention at the Bureau of Prisons. PSR at ¶¶ 78-80.

During his youth, defendant was expelled and kicked out of various schools because of his behavior. PSR at ¶ 84. He is also a proud member of the Black Disciples

8

gang, telling the United Staes Department of Probation, "I'll be BD for life." PSR at ¶ 71.

At the age of 21, defendant has had led a life of crime and incarceration. His behavior has gotten him into a lot of trouble in his young life. He is already in a criminal history category of IV and is on his way to being in the worst criminal history category in the federal system. Accordingly, defendant's history and characteristics support a sentence towards the low end of the advisory guidelines range of 57 to 71 months' incarceration to be followed by three years of post-release supervision.

C. **The Need to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Afford Adequate Deterrence**

Defendant's behavior on May 30, 2020 reveal a person that had no interest in seeking justice for the murder of George Floyd. In one of the most racially charged moments in the history of our country, the defendant went to downtown Chicago, set fire to a vehicle and threw bottles and fireworks at public officials trying to protect the public.

It bears repeating just how turbulent that evening and weekend were in Chicago. It was the most violent and deadly weekend in over thirty years in Chicago, with 18 murders in a 24-hour span, and 85 people shot and 24 killed over the three-day weekend. *See* https://www.bbc.com/news/world-us-canada-52984535 (last visited April 11, 2024). That is horrific. While defendant is not responsible for all that criminal conduct, defendant contributed to the lawlessness and violent mindset in the city. His conduct also pulled some of the resources of the city away from that

9

violence to attend to the chaos he created in the Loop. This case calls out for a sentence to promote respect for the law.

There is also a need for a sentence that sends a message to the public that chaos and destruction will be met with severe consequences. Not every participant in criminal conduct during a riot or civil unrest will be identified. But it is imperative that those who are, receive significant punishment for their actions.

### III. GOVERNMENT'S POSITION ON SUPERVISED RELEASE

The government has no objections to the conditions of supervised release recommended by the Probation Office, and the government submits that a period of supervised release of three years is appropriate. The government also agrees with the special conditions and discretionary conditions of supervised release, as recommended by the Probation Office.

## IV. CONCLUSION

For the foregoing reasons, the government respectfully submits that a Guidelines sentence is appropriate here, and requests that the Court sentence defendant Darion Lindsey to a term of imprisonment towards the low end of the Guideline range of 57 to 71 months, followed by three years of supervised release.

Date: April 11, 2024								Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:	*/s/ Albert Berry III*
ALBERT BERRY III
Assistant United States Attorney
United States Attorney's Office
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604
(312) 886-7855